Rajiv **RAWAT**; Zahina Mohammad Irfan, Petitioners,

v.

Alberto R. **GONZALES**, Attorney General, Respondent.

No. 06–71431.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted April 16, 2007.*

Filed April 20, 2007.

Stephen Shaiken, Esq., Law Offices of Stephen Shaiken, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Rajiv Rawat, and his wife, Zahina Mohammad Irfan, are natives and citizens of India. Petitioners seek review of the Board of Immigration Appeals' ("BIA") order adopting and affirming the Immigration Judge's ("IJ") denial of their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence and will reverse only if the record compels a contrary conclusion. *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding because the inconsistency between petitioners' testimony and their declaration about the lack of police response to the harm they experienced goes to the heart of their claim. *See id.* at 1043; *see also Li v. Ashcroft*, 378

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

F.3d 959, 962 (9th Cir.2004). Accordingly, petitioners fail to establish eligibility for asylum.

By failing to qualify for asylum, petitioners necessarily fail to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Finally, because petitioners' claim under the CAT is based on the same testimony that the IJ found not credible, and petitioners point to no other evidence that the IJ could have considered in making its determination under CAT, their CAT claim also fails. *See id.* at 1157.

### PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.